UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIE ORAHA,

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Julie Oraha ("ORAHA"), by and through the undersigned counsel, hereby sues The Lincoln National Life Insurance Company ("LINCOLN") and alleges:

### PRELIMINARY ALLEGATIONS

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.    ORAHA was at all times relevant a plan participant under the Arkansas

Children's Hospital Long Term Disability Policy, Group Policy No.: 000010062047 ("LTD" Plan). The final denial of benefits was delivered to and received within this Court's jurisdiction.

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Arkansas Children's Hospital. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Arkansas Children's Hospital under which ORAHA was a participant, and pursuant to which ORAHA is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, ORAHA is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as ORAHA remains disabled as required under the terms and conditions of the LTD plan.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. ORAHA incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, ORAHA was an employee or former employee of Arkansas Children's Hospital and a plan participant under the terms and conditions of the

LTD Plan.

8. During the course of ORAHA's employment, ORAHA became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while ORAHA was covered under the LTD Plan, ORAHA suffered a disability rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy, the nature of her disabling condition is discussed in detail within the administrative record.

9. Pursuant to the terms of the LTD Plan, ORAHA made a claim to LINCOLN for long term disability benefits with an effective date of disability under the LTD Plan of on or about February 26, 2012.

10. The LINCOLN LTD Plan defines Total Disability to mean: (1) During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation. (2) After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any Gainful Occupation. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself constitute Total Disability.

11. The LTD Plan contains a 12 month "Own Occupation" period.

12. LINCOLN approved ORAHA's claim for LTD Benefits with an effective date of February 26, 2012, as LINCOLN determined ORAHA met the definition of disability as it related to her inability to perform each of the main duties of her own occupation

13. On or about November 27, 2012, LINCOLN advised ORAHA that her

claim was to be paid until the end of the Own Occupation period, February 26, 2013, and that her claim for benefits would be denied as of February 26, 2013, as LINCOLN determined ORAHA did not meet the definition of disability for the Any Occupation period.

14. On or about February 4, 2013, ORAHA appealed LINCOLN's adverse determination.

15. On or about February 21, 2013, LINCOLN upheld its original decision to deny ORAHA's claim for continued benefits.

16. As required under the policy, on or about July 15, 2013, ORAHA filed a second appeal of LINCOLN's denial of her claim for LTD Benefits.

17. On or about November 25, 2013, Lincoln issued a final denial of benefits to ORAHA.

18. ORAHA has exhausted all administrative remedies.

19. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to ORAHA at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as ORAHA was disabled and unable to work and therefore entitled to benefits.

   b. After ORAHA's claim was denied in whole or in part, LINCOLN failed to adequately describe to ORAHA any additional material or information necessary for ORAHA to perfect her claim along with an explanation of why such material is or was necessary.

  c. LINCOLN failed to properly and adequately investigate the merits of ORAHA's disability claim and failed to provide a full and fair review of ORAHA's claim at the time of the initial termination of benefits.

20. ORAHA believes and alleges that LINCOLN wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which ORAHA is presently unaware, but which may be discovered in this future litigation and which ORAHA will immediately make LINCOLN aware of once said acts or omissions are discovered by ORAHA.

21. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, ORAHA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding ORAHA's claims for benefits, ORAHA, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ORAHA is entitled to have such fees and costs paid by LINCOLN.

23. The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, ORAHA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Julie Oraha prays for relief against The Lincoln National Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to

the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 7, 2014

                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

/s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com